UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 6-6-11               │
└─────────────────────────────────┘
```

---

JOHNNY HILL,

                              Plaintiff,

         -v-

CITY OF NEW YORK,

                              Defendant.

---

No. 10 Civ. 2238 (RJS) (DCF)
ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Plaintiff Johnny Hill brings this action *pro se* against Defendant City of New York pursuant to 42 U.S.C. § 1983, alleging that the City violated his constitutional rights. On May 12, 2011, the Honorable Debra C. Freeman, Magistrate Judge, to whom this matter had been referred for general pre-trial purposes, issued a Report and Recommendation (the "Report"), a copy of which is attached hereto, recommending that this Court dismiss the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to attend three successive pre-trial conferences. For the following reasons, the Court adopts the Report and dismisses this action without prejudice.

The Court referred this matter to Judge Freeman on March 30, 2010. Plaintiff initially participated in prosecuting this action, seeking and receiving permission to file an Amended Complaint after the Court granted a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and attending a scheduling conference on September 14, 2010 before Judge Freeman.

However, Plaintiff subsequently failed to attend three pre-trial conferences. In an Order dated February 18, 2011, Judge Freeman scheduled a case management conference on March 2, 2011. A copy of the February 18, 2011 Order was mailed to Plaintiff by Judge Freeman's chambers. After Plaintiff failed to appear at the March 2 conference, Judge Freeman issued an Order on March 3, 2011, requiring Plaintiff to attend a follow-up conference on March 4, 2011. The March 3, 2011 Order, which was read into Plaintiff's

voicemail by Judge Freeman's deputy, explicitly warned Plaintiff that his case might be dismissed if he failed to attend the conference.  Plaintiff failed to attend this conference as well, so, in an Order dated March 4, 2011, Judge Freeman scheduled a third conference on March 24, 2011.  The March 4, 2011 Order, which was mailed to Plaintiff by Judge Freeman's chambers, also stated that Plaintiff's failure to attend might result in the dismissal of his case.  Nevertheless, Plaintiff did not attend the March 24, 2011 conference.

In the wake of Plaintiff's failure to attend three successive conferences, Judge Freeman issued her Report recommending dismissal for failure to prosecute.  In the Report, Judge Freeman advised the parties that failure to file timely objections within fourteen days from service of the Report would constitute a waiver of those objections.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  No party has filed objections to the Report, and the time to do so has expired.  *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record.  *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).  After conducting a thorough review of the record, the Court finds that Judge Freeman's well-reasoned and persuasive Report is not facially erroneous.  Accordingly, the Court adopts the Report in its entirety.  For the foregoing reasons, IT IS HEREBY ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b).  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:          June 6, 2011
                New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

2

<u>Copies Mailed To:</u>

Johnny Hill
318 East 149th Street
Bronx, NY 10451

Ryan Glenn Shaffer
New York City Law Department
100 Church Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                  :

JOHNNY HILL,
                  :      10 Civ. 02238 (RJS) (DF)

           Plaintiff,
                  :      **REPORT AND**
      -against-              **RECOMMENDATION**

THE CITY OF NEW YORK,
                  :

           Defendant.
------------------------------------------------------------------X

**TO THE HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:**

      Currently before this Court is a request by defendant the City of New York ("Defendant")

to dismiss this action pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure,

based on the failure of *pro se* plaintiff Johnny Hill ("Plaintiff") to prosecute this action.  For

the reasons set forth below, I recommend that Defendant's request (*see* Declaration of

Ryan Shaffer, Esq., dated Apr. 26, 2011 ("Shaffer Decl.") (Dkt. 23)) be granted, and this action

be dismissed without prejudice.

**BACKGROUND**

      In his Amended Complaint,[1] brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that

Defendant violated his constitutional rights by, *inter alia,* subjecting him to a false arrest and

illegal search.  (*See generally* Amended Complaint, dated May 20, 2010 ("Am. Compl.")

(Dkt. 13).)  After he filed his Amended Complaint, Plaintiff requested that the Court seek

*pro bono* counsel to represent him, but the Court denied that motion without prejudice in

---

     [1] Plaintiff's original Complaint, dated February 22, 2010, was dismissed on the grounds
that his claims were brought against a non-suable party and that there was no subject matter
jurisdiction over his remaining claims.  (Dkts. 6, 7.)  After filing a Notice of Appeal (Dkt. 8),
Plaintiff sought relief from the judgment against him and was granted leave to file an Amended
Complaint (Dkts. 9, 11).

July 2010. Once Defendant filed an Answer, this Court held a conference (which Plaintiff attended), and issued an Order setting a case management schedule. (*See* Dkts. 17, 18, 19.) After that point, however, it appears that Plaintiff has failed to prosecute this action. Indeed, Plaintiff has now failed to attend three scheduled Court conferences.

### A.  Plaintiff's Failures To Appear at Scheduled Conferences

Plaintiff first failed to appear for a Court conference scheduled for March 2, 2011. (*See* Order, dated Feb. 18, 2011 (Dkt. 20).) The Court is certain that Plaintiff had notice of that conference, as my chambers had contacted him on February 15, 2011, well in advance of the conference, and had confirmed his availability for that date.

In light of Plaintiff's non-appearance, the Court rescheduled the March 2 conference for two days later (*see* Order, dated Mar. 3, 2011 (Dkt. 21)), and my chambers placed two telephone calls to Plaintiff (on March 2 and 3), leaving specific messages informing him of the rescheduled date and time. In the second message, my deputy read into Plaintiff's voicemail the entire contents of the Court's Order rescheduling the conference – including the portion of the Order that cautioned Plaintiff that "if he again fail[ed] to appear, this Court may recommend that his case be dismissed for failure to prosecute" (*see* Dkt. 21). In addition, Defendant's counsel has represented to the Court that he spoke directly with Plaintiff on March 3, and confirmed that Plaintiff understood that the conference had been rescheduled for March 4. (*See* Shaffer Decl., at ¶ 5.)

On March 4, however, Plaintiff again failed to appear, leading the Court to reschedule the conference again, this time for March 24, 2011. (*See* Order, dated Mar. 4, 2011 (Dkt. 22).) In its Order rescheduling the conference for the second time, the Court *again* made explicit that Plaintiff's failure to attend could result in a dismissal of his claims for failure to prosecute. (*See*

*id.*)  The Court mailed its March 4 Order to the Plaintiff at the address listed on the Docket, and it was not returned to the Court.

On March 24, 2011, Plaintiff again failed to appear.  Yet Plaintiff has not contacted the Court to provide any explanation for his repeated failures to comply with the Court's scheduling Orders.  Similarly, according to Defendant's counsel, Plaintiff never reached out to Defendant to explain any lack of availability or to request any conference adjournment.  (*See* Shaffer Decl., at ¶ 6.)

**B.    Defendant's Application**

On March 24, when Plaintiff again failed to appear in Court, the Court requested that Defendant provide the Court with a sworn affidavit or declaration made under penalty of perjury, setting forth the extent of counsel's communications with Plaintiff relating to the Court conferences referred to above.  On April 26, 2011, Defendant provided the Court with such a declaration, in which counsel requested that, under the circumstances, the Court dismiss the action pursuant to Fed. R. Civ. P. 37(b) and 41(b).  (*See* Shaffer Decl.)  Although Defendant represents that it served Plaintiff with a copy of counsel's declaration at the address listed for Plaintiff on the Court's Docket, the Court has not received any response from Plaintiff.

**DISCUSSION**

A plaintiff has a general obligation to prosecute his case diligently.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  If a plaintiff fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  In fact, "[a] plaintiff's lack of diligence alone is enough for dismissal."  *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).  Further, where a plaintiff inexplicably fails to appear or participate in a status conference ordered

3

by the Court, dismissal of the action for failure to prosecute may be appropriate. *See, e.g.,
Belliard v. Royal Bank of Scot. P.L.C.*, 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing action
where, *inter alia*, plaintiff "inexcusably did not appear at status conferences with the Court"). The
Court is not required to provide notice of the dismissal. *See West*, 130 F.R.D. at 524. As courts in
this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *Id.* Indeed,
because district courts are "necessarily vested" with the control required "to manage their own
affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even
dismiss an action with prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at
630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider:
"(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that
such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result;
(4) whether the court balanced its interest in managing its docket against plaintiff's interest in
receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy
of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485
(2d Cir. 1994)).[2]

In this case, it has now been three months since the Court first scheduled the March 2
conference. In fact, although not set out above, the Court initially tried to schedule the conference

---

[2] The Court also has the authority to sanction a plaintiff under Rule 37(b) of the Federal
Rules of Civil Procedure, including with the dismissal of his action, if the plaintiff "fails to obey
an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Here, the Court need not
reach the question of whether a sanction under Rule 37(b) would be appropriate in this case, as
Defendant's motion to dismiss may be decided on the basis of Rule 41(b).

for November 17, 2011, but was informed by Defendant's counsel that Plaintiff had strep throat (leading the Court to adjourn the conference to December 7, 2010), and then had suffered a death in his family (leading the Court to adjourn the conference again to March 2). Thus, it has actually been closer to *six* months that the Court has been attempting to hold a case management conference in this case, without Plaintiff being either able or willing to attend.

In addition, the Court gave Plaintiff explicit written notice, on two separate occasions, that his failure to attend Court conferences could result in the dismissal of his claims for failure to prosecute. (*See* Dkts. 21, 22.) Moreover, Defendant has been prejudiced by Plaintiff's failure to appear in this case, as – without Plaintiff's appearance or cooperation – Defendant has been unable to defend this action. The Court has also been unable to manage this case, given its inability to secure Plaintiff's attendance. Finally, given that Plaintiff will not even appear before the Court when directed to do so, it is unlikely that a lesser sanction than dismissal would be effective. Under the circumstances, dismissal of the action is warranted under Rule 41(b).

Because Plaintiff is proceeding *pro se,* however, and because he did initially take a more active role in this case, I recommend that his claims be dismissed without prejudice. It may be that Plaintiff has been incapacitated or, for some other reason, has been unable to proceed with this case at this time. If, in fact, Plaintiff has a legitimate explanation for his failures to appear, it may serve the interests of justice to permit him to reassert his claims at a later date, assuming they remain timely. *See Reynel*, 2002 U.S. Dist. LEXIS 16498, at *3 ("Given the plaintiff's *pro se* status, the Court deems it proper in this case that dismissal be without prejudice.").

5

# CONCLUSION

For the reasons set forth above, I recommend that the Amended Complaint in this action be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have 14 days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, United States Courthouse, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
       May 12, 2011

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

6

Copies To:

The Honorable Richard J. Sullivan, U.S.D.J.

Mr. Johnny Hill
318 East 149th Street
Bronx, NY  10451

Ryan G. Shaffer, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY  10007